UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-cv-02207-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| UN SIK KIM; DOO SUN KIM, et al., | |
| Defendants. | |

The United States brought this action to collect federal tax liabilities. It filed the pending motion for partial summary judgment to enforce a judgment lien against 5533 Palmdale Way, Sacramento, California, the former residence of defendants Un Sik Kim and Doo Sun Kim. It seeks an order allowing the property to be sold and ordering the sale proceeds deposited with this court. No opposition was filed, and the court took the matter under submission without holding a hearing. The motion is granted.

I.     UNDISPUTED FACTS

The United States submitted a statement of undisputed facts with its motion, as required by local rule. *See* Statement Undisputed Facts (UMF), ECF No. 26-2. As noted, no opposition was filed. The court has reviewed the government's statement and supporting documents and concludes none of the following facts is subject to genuine dispute.

1

In 1984, Un Sik Kim and Doo Sun Kim took ownership of 5533 Palmdale Way[1] as husband and wife as joint tenants. UMF no. 1. In 1994, the United States obtained a judgment in this court against Un Sik Kim for an unpaid trust fund recovery penalty (the Judgment). *Id.* no. 5. The federal tax judgment is against Un Sik Kim only, not Doo Sun Kim. *Id.* no. 8. The amount of the penalty was $133,762.16, plus interest. *Id.* no. 5. In 2004, the United States recorded an abstract of judgment against the property. *Id.* no. 6. The court renewed the judgment for an additional twenty years in May 2014, and that order was recorded. *Id.* no. 7. Un Sik Kim has not paid the federal tax liability, and as of May 31, 2015, the amount due was $507,835.72, with interest continuing to accrue. *Id.* no. 11.

In addition to the United States' interest described above, Sacramento Leasing, Inc. also recorded an abstract of judgment against the property in 1991 to secure an obligation of Un Sik Kim in the amount of $23,765.32. *Id.* no. 4. Sacramento Leasing has appeared as a defendant. *See* Answer, ECF No. 5. Hayne Kim may also claim an unspecified interest in the property and has appeared as a defendant and answered the complaint. Compl. ¶ 12, ECF No. 1; Answer, ECF No. 27.

No one currently resides at 5533 Palmdale Way. UMF no. 9. The property has been vacant and is deteriorating, and neighbors have complained of code violations. *Id.* no. 10.

II.     LEGAL STANDARD

A court must grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A motion for summary judgment calls for a "threshold inquiry" into whether a trial is necessary at all, that is, whether "any genuine factual issues . . .

---

[1] The property's full address is 5533 Palmdale Way, Sacramento, California 95842, APN 228-0321-005, and is particularly described as follows:

> LOT 17, AS SHOWN ON THE "PLAT OF THE PALMDALE SUBDIVISION", RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SACRAMENTO COUNTY, ON APRIL 20, 1959, IN BOOK 53 OF MAPS, MAP NO. 22.

UMF at 1; Compl. ¶ 13, ECF No. 1.

2

1 properly can be resolved only by a finder of fact because they may reasonably be resolved in
2 favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The moving
3 party bears the initial burden of "informing the district court of the basis for its motion, and
4 identifying those portions of the [record] which it believes demonstrate the absence of a genuine
5 issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then
6 shifts to the non-moving party to "go beyond the pleadings" and "designate specific facts" in the
7 record to show a trial is necessary to resolve genuine disputes of material fact.  *Id.* at 324
8 (quotation marks and citation omitted).

9 III.   DISCUSSION

10        If a taxpayer refuses or neglects to pay taxes after a demand, a lien arises in favor
11 of the United States "upon all property and rights to property, whether real or personal."
12 26 U.S.C. § 6321.  The lien continues until the liability is satisfied or becomes "unenforceable by
13 reason of lapse of time."  *Id.* § 6322.  The United States may reduce its lien to judgment and so
14 extend the life of the lien.  *United States v. Overman*, 424 F.2d 1142, 1147 (9th Cir. 1970).
15 "Although a lien based on that judgment is subject to state-created limitations, the judgment itself
16 is not subject to limitations and is enforceable at any time."  *Id.* (citations omitted).  A judgment
17 lien in a civil action endures for twenty years unless it is renewed for an additional twenty years.
18 28 U.S.C. § 3201(c).  Here, Un Sik Kim's tax liability was established in a previous case and
19 reduced to judgment in 1994.  The United States renewed the lien in 2014.  It therefore continues
20 to this day.

21        The United States brought this action under 26 U.S.C. § 7403.  Compl. ¶¶ 1–2.
22 Under that section, the United States may file a civil action in federal district court to subject real
23 property to the payment of a liability.  26 U.S.C. § 7403(a).  Any person who has a claim to an
24 interest in that property must be joined.  *Id.* § 7403(b).  The district court then "adjudicates all
25 matters involved therein and finally determine[s] the merits of all claims to and liens upon the
26 property."  *Id.* § 7403(c).  If the United States establishes a claim or interest in the property, the
27 court may "decree a sale of such property, by the proper officer of the court," and may order the
28 /////

proceeds be distributed "according to the findings of the court in respect to the interests of the parties and of the United States." *Id.*

Here, the United States named all interested parties as defendants.[2] The United States established a claim to 5533 Palmdale Way by virtue of its judgment in the previous case and the associated judgment lien. Under section 7403, this court has authority to decree a sale of the property and distribute the proceeds. Competing third-party interests such as those of Doo Sun Kim, Hayne Kim, and Sacramento Leasing do not preclude a sale. *See United States v. Rodgers*, 461 U.S. 677, 693–94 (1983) ("[W]e must read the statute to contemplate, not merely the sale of the delinquent taxpayer's own interest, but the sale of the entire property . . . , and the recognition of third-party interests through the mechanism of judicial valuation and distribution.").

"The provisions of 28 U.S.C. § 2001 govern foreclosures of taxpayers' property." *United States v. Stonehill*, 83 F.3d 1156, 1160 (9th Cir. 1996); *accord, e.g., United States v. Little*, No. 02-5141, 2008 WL 2676808, at *1 (E.D. Cal. June 30, 2008) (citing *Overman*, 424 F.2d 1142). Section 2002 also requires specific forms of notice. *See* 28 U.S.C. § 2002. The court has broad discretion in setting the terms and conditions of a sale. *See, e.g.*, *Little*, 2008 WL 2676808, at *2 (citing *United States v. Branch Coal Corp.*, 390 F.2d 7, 10 (3d Cir. 1968)).

In light of the parties' shared interest in maximizing the return from a sale and the property's deteriorating condition, a judicial sale of 5533 Palmdale Way is ordered according to the terms and conditions proposed by the United States, which incorporate the notice requirements of section 2002 and which no party has opposed.

/////
/////
/////
/////
/////

---

[2] Several persons named in the complaint did not answer the complaint or otherwise appear. Compl. ¶¶ 5–12; *see also* Default, ECF No. 25.

IV.     CONCLUSION

The United States' motion is GRANTED. This order resolves ECF No. 26. The court orders as follows:

    A.     Foreclosure

The United States is entitled to foreclose its liens against the real property located at 5533 Palmdale Way, Sacramento, California 95842. The sale proceeds will be deposited with this court and the liens and claims on the property will follow the proceeds in the same manner and with the same priority as such liens and claims had with respect to 5533 Palmdale Way, and the priorities will be determined by a later order of this court.

    B.     Judicial Sale

The real property described below shall be sold pursuant to the court's Judgment, 26 U.S.C. § 7403 and 28 U.S.C. §§ 2001 and 2002, and according to the terms set out below.

        1.     Identification of Property

1.     The real property that is the subject of this action is located at 5533 Palmdale Way, Sacramento, CA 95842, APN 228-0321-005 (the Property), in the County of Sacramento, State of California, and is more particularly described as follows:

> LOT 17, AS SHOWN ON THE "PLAT OF THE PALMDALE SUBDIVISION", RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SACRAMENTO COUNTY, ON APRIL 20, 1959, IN BOOK 53 OF MAPS, MAP NO. 22.

        2.     Authorization of Sale and Terms and Conditions of Sale

2.     As provided by 28 U.S.C. §§ 2001 and 2002, the court authorizes and directs the United States Marshal for the Eastern District of California, or his or her representative or Deputy (collectively, the "Marshal"), or an officer of the Internal Revenue Service Property Appraisal and Liquidation Specialists ("IRS PALS"), to offer the Property for public sale and to sell the Property. The United States may choose either the Marshal or an IRS PALS officer to carry out the sale and to make the arrangements for any sale as set forth in this Order. References to "the Marshal or the IRS PALS" below shall be read to refer to whomever is conducting the sale.

/////

1   3.  The terms and conditions of the sale are as follows:

2   (a) The sale of the Property shall be free and clear of the interests of plaintiff, the
3   United States; defendant Un Sik Kim, defendant Doo Sun Kim; defendant Sacramento
4   Leasing Inc.; defendant Young Kim Oh; defendant Sung Park; defendant Dae W. Pak;
5   defendant Hayne Kim; defendant Capital One Financial Corporation; and defendant
6   JPMorgan Chase Bank.

7   (b) The sale shall be subject to building lines, if established, all laws, ordinances, and
8   governmental regulations (including building and zoning ordinances) affecting the
9   Property, and easements and restrictions of record, if any.  No warranty of any kind is
10  made regarding operation of the Property as commercial real estate.

11  (c) The sale shall be held at the courthouse of the county or city in which the Property
12  is located; on the premises of the Property; or at any other place in accordance with the
13  provisions of 28 U.S.C. §§ 2001 and 2002.  The place of the sale shall be determined in
14  the discretion of the Marshal or the IRS PALS officer.

15  (d) The date and time for the sale are to be announced by the Marshal or the IRS
16  PALS officer.

17  (e) The Marshal or the IRS PALS officer may, in their discretion, hold one or more
18  open houses at the Property for viewing by potential bidders.  Un Sik Kim and Doo Sun
19  Kim shall not interfere in any way with an open house.

20  (f) One or more notice of the sale shall be published once a week for at least four
21  consecutive weeks before the sale in at least one newspaper regularly issued and of
22  general circulation in Sacramento County, California.  Furthermore, at the discretion of
23  the Marshal or the IRS PALS officer, the sale may be advertised by any other means
24  deemed appropriate, expressly including placement of a listing with a broker, provided
25  that the fee for the advertisement is a flat sum and not a commission on the sale price.
26  Each notice of the sale shall contain a description of the Property and shall also contain
27  the terms and conditions of sale in this order of sale.

28  /////

 (g) The Marshal or the IRS PALS officer shall set a minimum bid price for the Property. If the minimum bid price is not met or exceeded, the Marshal or the IRS PALS officer may, without further permission of this court, and under the terms and conditions in this Order, hold a new public sale, if necessary, and reduce the minimum bid or sell the Property to the highest bidder at the sale where the minimum bid was not met.

 (h) The successful bidder shall be required to deposit with the Marshal or the IRS PALS officer, at the time of the sale, a minimum of ten percent (10%) of the bid, with the deposit to be made by certified or cashier's check payable to the United States District Court for the Eastern District of California. Before being permitted to bid at the sale, bidders shall display to the Marshal or the IRS PALS officer proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof of ability to make the deposit required by this order of sale.

 (i) The successful bidder shall pay the balance of the purchase price to the Marshal or the IRS PALS officer within 14 days after the date the bid is accepted. Payment shall be made by a certified or cashier's check payable to the United States District Court for the Eastern District of California. If the bidder fails to pay the balance of the purchase price within the required time, the deposit shall be forfeited, and the funds so forfeited shall be paid to the United States for application to defendant Un Sik Kim's tax liabilities. In event of such a forfeit, the property or properties for which the deposit was forfeited may be again offered for sale under the terms and conditions of this Order, or the Marshal or the IRS PALS officer may sell the property to the second-highest bidder, requiring payment of the purchase price within 14 days of notifying the second-highest bidder.

 (j) The United States may bid as a credit against its judgment without tender of cash.

 (k) The sale of the Property shall be subject to confirmation by this court. The United States or the Marshal or the IRS PALS officer shall file a report of sale with the court, together with a proposed order of confirmation of sale, within 14 days from the date of receipt of the balance of the purchase price.

/////

   (l) On confirmation of the sale, the Marshal or the IRS PALS officer shall execute and deliver a deed of judicial sale conveying the property to the purchaser.

   (m) On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished.

   (n) On confirmation of the sale, the County Recorder for Sacramento County shall cause transfer of the Property to be reflected upon the appropriate register of title.

   (o) The sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

4. From the date this Order is signed until the sale is confirmed, the Marshal or the IRS PALS officer is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

5. The Marshal or the IRS PALS officer may, in his or her discretion, make payments for utilities, repairs, and the like that are reasonably necessary to maintain or preserve the Property until the Property is sold. Such payments may be reimbursed as a cost of sale.

  C. <u>Effect of Order on the Kims' Occupation of the Property</u>

6. This Order shall constitute a special writ of execution with respect to Un Sik Kim and Doo Sun Kim and no further order or process from the court shall be required.

7. This Order of Sale terminates any right of possession to the Property held by defendants Un Sik Kim and Doo Sun Kim. The termination of their possessory rights shall take effect on the date 14 days after the date this Order is signed. Un Sik Kim and Doo Sun Kim are hereby ordered to vacate the Property no later than the date 14 days after the date this Order is signed. They shall take with them their personal property, but leave in place all improvements, buildings, fixtures, and appurtenances to the Property.

8. If Un Sik Kim or Doo Sun Kim continues to occupy the Property after the date 14 days after the date this Order is signed, they shall be considered to be trespassers. In that event, the

/////

/////

1  Marshal is authorized to take any action he or she deems appropriate to remove and evict the

2  Kims.[3]

3  9.     If Un Sik Kim or Doo Sun Kim fails to remove any personal property from the Property

4  within 14 days of the date this Order is signed, this paragraph shall apply.

5          (a)    Un Sik Kim or Doo Sun Kim may request permission from the Marshal or the IRS

6                 PALS officer to return to the Property for the sole purpose of removing their personal

7                 property.  This permission will not be unreasonably withheld.

8          (b)    Un Sik Kim or Doo Sun Kim shall not return to the Property without being

9                 accompanied by the Marshal or the IRS PALS officer unless the Marshal or the IRS PALS

10                officer specifically gives permission for him or her to return unaccompanied.

11         (c)    If any of the Kims' personal property, not including improvements, buildings,

12                fixtures, and appurtenances, remains on the Property after 28 days have elapsed from the

13                date this Order is signed, the personal property shall be deemed abandoned because it has

14                remained on land to which the Kims have had no possessory right for 14 days without

15                being removed.  The Marshal or the IRS PALS officer may dispose of any such

16                abandoned property by any means they each may deem appropriate, including destruction,

17                charitable donation, or sale.

18         (d)    If any abandoned personal property is sold, the proceeds of the sale shall be

19                applied first to the costs of the sale.  Any remaining balance shall be paid into the registry

20                of the court for further distribution as ordered by the court.

21         (e)    If any abandoned personal property is left upon the Property at the time the sale is

22                confirmed, ownership of that personal property shall also pass to the buyer of the

23                Property.

24         (f)    If the Marshal believes that any item of personal property on the Property is

25                potentially dangerous (for instance, firearms, other weapons, or incendiaries), the Marshal

26  _____

27  [3] According to the moving papers and undisputed facts, the Property is not currently occupied.  *See* Mot. Summ. J. at 3; UMF nos. 9, 10.  These conditions are imposed to cover any
28  contingencies.

1  may, in his or her discretion, secure the item rather than leaving it on the Property. The
2  item may be secured in any reasonable manner, expressly including removing the item to
3  the Marshal's office or other facility. Any such item shall be returned to the owner if:
4  (1) the owner makes a proof of ownership satisfactory to the Marshal; (2) the owner pays
5  any reasonable costs of securing the item the Marshal may have incurred; and (3) the item
6  can be returned to the owner in a manner that is safe and legal under the circumstances. If
7  no person claims ownership of an item secured by the Marshal within 30 days, the
8  Marshal may dispose of the item in any manner he or she sees fit.
9  (g)   If the personal property includes live animals, the Marshal or the IRS PALS
10  officer shall take humane steps as may be reasonable for the animals to be removed from
11  the Property. Any additional costs incurred in removing the animals shall be reimbursable
12  as a cost of sale.
13  10.   Until the sale of the Property is confirmed, Un Sik Kim and Doo Sun Kim shall take all
14  reasonable steps necessary to preserve the Property (including all buildings, improvements,
15  fixtures and appurtenances on the Property) in its current condition including, without limitation,
16  maintaining a fire and casualty insurance policy on the Property, and ensuring that ad valorem
17  taxes on the Property are paid in a timely fashion. Un Sik Kim and Doo Sun Kim shall neither
18  commit waste against the Property nor cause or permit anyone else to do so. Un Sik Kim and
19  Doo Sun Kim shall neither do anything that tends to reduce the value or marketability of the
20  Property nor cause or permit anyone else to do so. Un Sik Kim and Doo Sun Kim shall not
21  record any instruments, publish any notice, or take any other action (such as running newspaper
22  advertisements or posting signs) that may directly or indirectly tend to adversely affect the value
23  of the Property or that may tend to deter or discourage potential bidders from participating in the
24  public auction, nor shall they cause or permit anyone else to do so.
25  11.   If Un Sik Kim and Doo Sun Kim receive any rent payment from a Tenant (as "Tenant" is
26  defined below), they shall deposit an amount equal to the rent payment into the registry of this
27  court.
28  /////

D. <u>Effect of Order on Occupation by Tenants</u>

12.     Paragraphs (13) and (14) apply to any person or persons who have rented the Property and who occupy the Property as of the date this Order is signed. These persons are referred to as "Tenants."

13.     Any Tenants must vacate the Property no later than the date the sale is confirmed by the court, unless the Tenants obtain a written lease agreement with the purchaser.

14.     Until sale confirmation, the Tenants may continue to occupy the Property, but only if he or she complies with the following conditions:

    (a)     The Tenant must truthfully answer the Marshal, an officer of the Internal Revenue Service, or an officer of the U.S. Department of Justice if the Tenant is asked how much rent the Tenant pays, how long the rental period is (for example, weekly or monthly), and when the rent is due.

    (b)     Instead of paying rent to Un Sik Kim and Doo Sun Kim, the Tenant must pay the rent as follows. The Tenant must mail a check or money order payable to "United States District Court for the Eastern District of CA" to the following address:

> IRS PALS Officer Hallie Lipscomb, IRS, SA-5209
> 4330 Watt Avenue, Sacramento, CA 95821.

For the convenience of the court and the IRS, the Tenant should write the following in the memo line of the check: "5533 Palmdale Way."

    (c)     The Tenant must continue to pay the same amount in rent and on the same date as the Tenant would have paid the Kims. For example, if the Tenant would have paid the Kims $400 on the first day of the month, the Tenant must pay the IRS $400 on the first day of the month. The rent payment will be considered timely if it is mailed by the day it is due.

    (d)     The Tenant must cooperate with the Marshal or the IRS PALS officer in connection with the sale of the Property.

    (e)     The Tenant must not commit waste against the Property, nor cause or permit anyone else to do so. The Tenant must not do anything that tends to reduce the value or

...
...

marketability of the Property nor cause or permit anyone else to do so.  The Tenant must not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor cause or permit anyone else to do so.

15. If a Tenant continues to occupy the Property but fails to comply with one or more of the terms set out in paragraph (14), the United States may file a motion in this court requesting the removal or ejectment of the Tenant.

16. Within 7 days of the date that this Order is signed, the Marshal or the IRS PALS officer or, in the discretion of the United States, another person hired for the task, shall serve a copy of this Order upon each person, other than Un Sik Kim and Doo Sun Kim, who appears to occupy the Property.  Each served copy of this Order shall be accompanied by a cover sheet that states, in prominent type: "To the Occupant: please take notice that paragraphs (13), (14) and (15) of this Order may apply to you.  They may affect your rights."  Service shall be accomplished by delivering the cover sheet and the copy of this Order to a person of suitable age and discretion who is at the apparently occupied space on the Property.  In the alternative, if no such person is available when a delivery attempt is made, the cover sheet and the Order may be affixed to a front door; placed in a mail slot; or pushed under a front door, as the person making service judges most likely to give notice to the person occupying the Property.

17. The person who makes the service of this Order as described in the previous paragraph is authorized to have access to the Property as necessary to carry out the service.  Un Sik Kim and Doo Sun Kim shall not attempt to stop as a trespasser the person serving copies of the Order; remove or deface any posted copy of the Order; or take any other action that tends to interfere with the service of this Order.

18. After the date that this Order is signed, Un Sik Kim and Doo Sun Kim shall not permit any person who is not already a Tenant to occupy the Property.

/////

/////

   E. <u>Distribution of Proceeds</u>

19. The sale proceeds will be distributed after a determination of priorities and further order.

   IT IS SO ORDERED.

DATED: October 14, 2015.

            _____
            UNITED STATES DISTRICT JUDGE