UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>  v.<br><br>UN SIK KIM, et al.,<br><br>    Defendants. | No. 2:14-cv-02207-KJM-CKD<br><br><br>ORDER |

Before the court is an unopposed motion by Wilmington Trust National Association, as trustee for MFRA Trust 2015-1 (Wilmington), requesting leave to intervene in the above-captioned case under Federal Rule of Civil Procedure 24(a)(2). ECF Nos. 36, 39. Wilmington also makes an unopposed request to file an answer to the complaint in this case. ECF Nos. 36, 39.

Federal Rule of Civil Procedure 24(a) provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). In determining whether intervention as of right is appropriate, the court

1

1 | applies a four-part test:

> (1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001) (citation omitted). "In determining whether intervention is appropriate, courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." *United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1148 (9th Cir. 2010) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

Here, the court finds Wilmington has satisfied the four requirements under Rule 24(a)(2), for the reasons set forth in its brief: (1) the motion is timely; (2) as the current owner of the Deed of Trust for the property at issue in this dispute, Wilmington has a "significantly protectable" interest in the United States' suit against defendants to foreclose on the same property; (3) similarly, disposition of the action may, as a practical matter, impair or impede Wilmington's ability to protect this interest; and (4) Wilmington's interest is not adequately represented by the existing parties in the action, *see Southwest Ctr.*, 268 F.3d at 822 (setting forth three-prong test for inadequacy of representation).

Accordingly, the court GRANTS Wilmington's unopposed motion to intervene under Rule 24(a)(2). Wilmington's answer to plaintiff's complaint shall be filed within seven (7) days of this order.

This order resolves ECF No. 36.

IT IS SO ORDERED.

DATED: September 12, 2016

_____
UNITED STATES DISTRICT JUDGE